UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JESSIE ADAMS,

        Plaintiff,

v.                                    Case No. 8:25-cv-68-TPB-SPF

SERGIO JIMENEZ,

        Defendant.

                                           /

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Complaint (Doc. 1) and Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), construed by the Court as a motion to proceed *in forma pauperis* (Doc. 2). Upon review of Plaintiff's Complaint (Doc. 1) and request to proceed *in forma pauperis* (Doc. 2), the undersigned recommends that Plaintiff's motion be denied without prejudice, the Complaint be dismissed, and the case be closed.

### I.    Background

Plaintiff filed her four sentence Complaint against Defendant Sergio Jimenez claiming that he "had ex parte communication with certain individuals," "conspired with others in violation of due process," and that "the [b]asis for federal court jurisdiction is federal law." (Doc. 1). Plaintiff requests $400,000 in damages. (*Id.*).

Though, to say that this is not Plaintiff's first or only Complaint filed against Defendant would be an understatement. Upon review of publicly available court records,[2]

---

[2] The Court is permitted to judicially notice a fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned" and "may take judicial notice at any stage of the proceeding. Fed. R. Evid. 201. Here, the Court reviewed Public Access to Court Electronic Records, or "PACER."

Plaintiff filed an identical Complaint in over forty other cases in federal district courts across the country from mid-January 2026 to mid-February 2026. Moreover, a slew of materially similar actions have been filed against Defendant nationally by plaintiffs of other names. From early-January 2026 until late-January 2026, Lucas Williams filed almost fifty cases as did Jack Sullivan, who filed approximately fifty cases from late-January 2026 to mid-February 2026; Joseph Alexander, who filed around fifty cases across from late-January 2026 to early-February 2026; and FeiFei Gu, who filed around a dozen cases against Defendant, including about half of them in New York state courts between late-June 2023 and late-December 2024, one case in federal court in June 2025, and the additional cases in other federal courts in late-September 2025. These filings include a multitude of cases in the Eleventh Circuit, *see, e.g.*, *Gu v. Jimenez, et al.*, No. 5:25-cv-410-CAR, at (Doc. 1) (M.D. Ga. Sept. 22, 2025); *Adams v. Jimenez*, 2:26cv96-JHE, at (Doc. 1) (N.D. Ala. Jan 21, 2026); *Sullivan v. Jimenez, et al.*, No. 4:26-cv-26-WAR, at (Doc. 1) (N.D. Ga. Jan. 29, 2026); *Alexander v. Jimenez, et al.*, No. 1:26-cv-20549-LMR, at (Doc. 1) (S.D. Fla. Jan. 28, 2026), including at least three others in this District, *see Sullivan v. Jimenez, et al.*, No. 6:26-cv-200-PGB-RMN, at (Doc. 1) (M.D. Fla. Jan. 26, 2026); *Alexander v. Jimenez, et al.*, No. 8:26-cv-198-KKM-CPT, at (Doc. 1) (M.D. Fla. Jan. 23, 2026); *Williams v. Jimenez, et al.*, No. 3:26-cv-21-WWB-SJH, at (Doc. 1) (M.D. Fla. Jan. 6, 2026).

The peculiarity of this action, however, does not end there. In the *Williams* complaints, Defendant is identified as the Honorable Sergio Jimenez, a housing court judge in New York who handled case number LT-325749-22/KI, (*id.*) at (Doc. 1 at 1), a 2022 holdover proceeding against tenants Yu Hin Chan, FeiFei Gu, and two other unnamed parties, *Gu v. Jimenez*, 2023 WL 4138519, at *1 (E.D.N.Y. June 22, 2023). By January 2024, the New York

Supreme Court for Kings County admonished Gu's multiple filings by ordering her to "not institute any new court actions with poor persons applications or make any filings and/or poor person applications on existing cases unless accompanied by a certificate of an attorney stating that the attorney has examined the actions and believes there is merit to the moving party's contentions[.]" *Gu v. Jimenez*, No. 673/2023 (Sup. Ct., N.Y. King 2024). Given this background and the timing of federal court actions being largely after Gu was precluded from further filing in New York, it appears that this massive influx of cases against Defendant stems from the 2023 holdover action and that FeiFei Gu may be behind them.[3]

In addition to "Sergio Jimenez" being named by all five of these plaintiffs for conspiracy to deprive the plaintiffs of their rights, each complaint usually designates a paragraph for the basis for the court's jurisdiction, specifically federal law. Moreover, Gu mailed her complaints and IFP motions from Mid-Island, New York while the Adams, Williams, Sullivan, and Alexander pleadings and IFP motions were also mailed from New York (usually Mid-Island) despite their return addresses being in San Francisco, New Orleans, Santa Barbara, and Seattle, respectively. *Compare* (Docs. 1-1, 2-1); *Alexander v. Jimenez, et al.*, No. 8:26-cv-198-KKM-CPT, at (Doc. 1) (M.D. Fla. Jan. 23, 2026); and *Williams v. Jimenez, et al.*, No. 3:26-cv-21-WWB-SJH, at (Doc. 1) (M.D. Fla. Jan. 6, 2026) *with Gu v. Jimenez, et al.*, No. 2:25-cv-1464-MPK, at (Doc. 1) (W.D. Penn. Sept. 23, 2025).

And the addresses listed for Adams, Williams, Sullivan, and Alexander do not exist. Court documents mailed to each of those addresses are returned as undeliverable. *See, e.g.*,

---

[3] Other courts have noted the similarities between these cases and concluded that Ms. Gu is using fictious names to bring about this surge of litigation against Defendant. *See Alexander v. Jimenez, et al.*, 2026 WL 926036, at *1 (S.D. Ohio Apr. 6, 2026) (citing *Alexander v. Jimenez*, 2026 WL 353616 (W.D. Va. Feb. 9, 2025)); *Alexander v. Hill-Kearse,* No. 1:26-cv-31 (N.D. Tex. Feb. 13, 2026), *report and recommendation adopted,* No. 1:26-cv-31 (N.D. Tx. Mar. 6, 2026); *Sullivan v. Jimenez, et al.*, 2026 WL 491941, at *1 n.1 (N.D. Fla. Jan. 27, 2026).

*Adams v. Jimenez*, 1:26-cv-23-SW-MJF, at (Doc. 6) (N.D. Fla. Feb. 6, 2026); *Williams v. Jimenez, et al.*, No. 4:26-cv-4-RH-MJF, at (Doc. 1) (N.D. Fla. Jan. 6, 2026); *Sullivan v. Jimenez, et al.*, No. 6:26-cv-200-PGB-RMN, at (Doc. 6) (M.D. Fla. Feb. 27, 2026); *Alexander v. Jimenez, et al.*, No. 8:26-cv-198-KKM-CPT, at (Doc. 7) (M.D. Fla. Feb. 20, 2026).

## II.    Legal Standard

Under 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor. 28 U.S.C. § 1915(a)(1).  When an application to proceed *in forma pauperis* is filed, the court must review the case and dismiss it *sua sponte* if the court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  A suit is frivolous when it is "without any merit in fact or law." *Selensky v. Alabama*, 619 F. App'x 846, 848 (2015).[4]  Where a district court determines from the face of the complaint that the factual allegations are baseless or the legal theories are without merit, the court may conclude that the case has little or no chance of success and dismiss the complaint before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

The phrase "fails to state a claim on which relief may be granted" has the same meaning as the nearly identical phrase in Rule 12(b)(6), Federal Rules of Civil Procedure. *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will

---

[4] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.

apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii).").

Namely:

> To withstand a motion to dismiss, a complaint must state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). This requires sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at ——, 129 S.Ct. at 1949. Although we must accept all factual allegations in the complaint as true, we need not apply this rule to legal conclusions. *Id.* at ——, 129 S.Ct. at 1949. Furthermore, the factual allegations must go beyond "naked assertions" and establish more than "a sheer possibility" of unlawful activity. *Id.* at ——, 129 S.Ct. at 1949 (quotation marks, alteration, and citation omitted). In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007).

*Azar v. Nat'l City Bank*, 382 F. App'x 880, 884 (11th Cir. 2010).

And under Rule 8(a)(2), Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Bell*, 550 U.S. at 555). In reviewing a complaint, courts hold pro se pleadings to a less stringent standard and, therefore, construe the complaint more liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

### III.    Analysis

Upon review of Plaintiff's filings, she appears financially eligible to proceed *in forma pauperis*: she receives $1,050 per month in wages and has $50 in a checking or savings account while having $1,000 in monthly expenses.  (Doc. 2).  Despite this, the undersigned

recommends dismissal of the Complaint because Plaintiff has abused the judicial process, and the Complaint runs afoul of pleading requirements.

### a.    Abuse of Judicial Process

"[A] plaintiff's duplicative complaint is an abuse of the judicial process and is properly dismissed" as malicious under section 1915. *Daker v. Ward*, 999 F.3d 1300, 1308 (11th Cir. 2021). In just a couple of weeks, Plaintiff filed the same deficient complaint against Defendant in dozens of courts across the country. Not only that, but it also appears that the same person has filed hundreds of similar cases against Defendant under a variety of different names and, in many instances, has simply abandoned the cases and left courts to deal with the frivolous filings. Thus, Plaintiff's duplicative filings appear to be intended to harass rather than initiate legitimate litigation against Defendant. Indeed, many of Plaintiff's other cases have already been dismissed because she was unreachable or failed to participate in the action. *See, e.g.*, *Adams v. Jimenez*, 3:26-cv-266, at (Doc. 11) (D.S.C. Apr. 10, 2026); *Adams v. Jimenez*, No. 3:26-cv-5073, at (Doc. 4) (W.D. Wash. Mar. 2, 2026). As such, Plaintiff's conduct is an abuse of the judicial process, and the Court should dismiss this civil action because of its maliciousness and frivolousness, as other courts have already done. *See Adams v. Jimenez*, 2026 WL 747038, at *2 (N.D. Fla. Jan. 23, 2026) (citing *Adams v. Jimenez*, No. 1:26-cv-24, at (Doc. 3) (D. Wyo. Jan. 22, 2026)) (dismissing Plaintiff's complaint because she failed to state a plausible claim for relief and engaged in malicious litigation); *Adams v. Jimenez*, No. 3:26-cv-14 (D.N.D. Jan. 22, 2026) (same).

### b.    Pleading Deficiencies

Plaintiff's Complaint is also due to be dismissed as an impermissible shotgun pleading. To comply with federal pleading standards, a complaint "must contain . . . a short and plain

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Federal Rules also require plaintiffs to "state [their] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "A 'shotgun pleading' is one that lacks the minimum clarity, brevity, or coherence required by Rules 8 and 10 of the Federal Rules of Civil Procedure." *Lozano v. Prummell*, No. 2:22-cv-600-JES-KCD, 2022 WL 4384176, at *2 (M.D. Fla. Sept. 22, 2022). A shotgun pleading is a type of pleading that is not allowed, even from *pro se* plaintiffs. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015).

Four basic types of shotgun pleadings violate Rules 8(a), 10(b), or both: (1) a complaint that contains multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into different counts each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against. *Id*. at 1321-23. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id*. at 1323. Shotgun pleadings "exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356-57 (11th Cir. 2018) (citation omitted). Consequently, the Eleventh Circuit has said that a shotgun complaint may be dismissed "on that basis alone." *Id*.

7

The Complaint is the model of a shotgun pleading. There are only four sentences and none of them provide any substance aside from the vague inference that Plaintiff believes Defendant violated her due process rights. Nor does the Complaint separate out each cause of action or claim for relief into different counts as it does not contain any counts at all.

Consequently, the Complaint does not constitute the type of "short and plain statement" required and leaves the reader "guess[ing] at precisely what [she is] claiming." *Holbrook v. Castle Key Ins. Co.*, 405 F. App'x 459, 460 (11th Cir. 2010) (per curiam) (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1128 (11th Cir. 2001)). Such deficiencies fail to give the Defendant adequate notice of the claims against them and the grounds upon which each claim rests. *Yeyille v. Miami Dade Cty. Pub. Sch.*, 643 F. App'x 882, 884 (11th Cir. 2016).

The fact that Plaintiff is proceeding *pro se* does not excuse her failure to comply with the basic pleading requirements set forth in Rules 8 and 10. *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (per curiam) (noting that, while "[a] *pro se* pleading is held to a less stringent standard than a pleading drafted by an attorney[, it] must still suggest that there is at least some factual support for a claim") (citation omitted).

## IV.    Conclusion

The undersigned recommends that the Court dismiss this civil action and direct the Clerk of Court to close the case.[7] Although *pro se* parties are often entitled to the opportunity to amend their complaints before dismissal, Plaintiff's claims do not appear amendable. *See*

---

[7] There are also other grounds upon which the Complaint might be dismissed, like improper venue and Defendant's likely absolutely immunity. However, without more information, the undersigned did not address these issues.

8

*Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) ("[A] district court need not allow amendment if the amended complaint would still be subject to dismissal."); *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant.") (citation omitted).  Amendment of Plaintiff's frivolous claims would be futile.  The Court should join other courts in dismissed Plaintiff's frivolous and malicious claims without leave to amend because Plaintiff's disregard for the judicial process and crusade against Defendant should not be permitted to continue.

Accordingly, it is **RECOMMENDED:**

1.  Plaintiff's Application to Proceed *in forma pauperis* (Doc. 2) be denied without prejudice;

2.  Plaintiff's Complaint (Doc. 1) be dismissed; and

3.  The Clerk of Court directed to close the case.

IT IS SO REPORTED in Tampa, Florida, on April 22, 2026.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so.  28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.  Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on

9

the unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1.